■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BUCKLEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER SCIGOWSKI, Appellant. — Upon reargument, the order of this court, entered March 11, 1980, reversing the judgment of the Supreme Court, New York County, rendered March 29, 1979, convicting defendant Dennis Buckley of criminal possession of a weapon in the third degree and sentencing him to a five-year term of probation, and remanding for a hearing, is unanimously vacated, and the conviction affirmed. Judgment, Supreme Court, New York County, rendered September 17, 1979, convicting defendant Scigowski of criminal possession of a weapon in the third degree and sentencing him to a five-year term of probation reversed, on the law, the plea is vacated, and the case is remanded for a hearing on the defendant's motion to suppress. The essential facts on these appeals were set forth in the court's previous opinion in *People v Buckley* (74 AD2d 757) and need not be repeated here. In that decision the court reversed Buckley's conviction, vacated his plea of guilty, and remanded the case for a hearing on his motion to suppress. We concluded that factual issues were presented, entitling Buckley to a hearing, as to whether or not he had "automatic standing" under the ruling of the Court of Appeals in *People v Hansen* (38 NY2d 17), which in turn had relied on the decision of the Supreme Court in *Jones v United States* (362 US 257). Our opinion noted that there was language in *Rakas v Illinois* (439 US 128) that put in doubt the continued viability of the "automatic standing" doctrine but concluded that in the then state of the law it was for the Court of Appeals, not this court, to determine whether or not the doctrine affirmed in *Hansen* had been effectively overruled. Following our decision, the Supreme Court in *United States v Salvucci* (448 US 83) and *Rawlings v Kentucky* (448 US 98) explicitly overruled *Jones v United States (supra)* and repudiated the "automatic standing" doctrine. Accordingly, we granted the District Attorney's motion to reargue and on reargument we vacate our prior order and affirm the conviction. The principle is now clear that a person is aggrieved by a search only if he had a legitimate expectation of privacy in the area from which the goods were seized. *(Rawlings v Kentucky, supra.)* As to Buckley, the record discloses no basis for finding that he had such a legitimate expectation of privacy. (See *Rakas v Illinois, supra,* pp 142-143.) As to Scigowski, a somewhat different situation is presented. Three of the guns sought to be suppressed were found in a safe in his apartment, which he had subleased to another, an alleged victim of the crime charged. The record is unclear as to the precise nature of his interest in the apartment and in the safe at the time of the search. A factual issue is presented as to whether he had a legitimate expectation of privacy with regard to the safe in which the three guns were found by the

police. It is true that Scigowski's own papers did not set forth the facts raising this issue. This information was presented by the People in papers submitted in response to a motion for reargument by Buckley. Considering the interrelationship between the several motions we think the issue is adequately preserved for review and that the defendant is entitled to a hearing. This ruling of course does not extend to the fourth gun which was found in a van owned by another. Concur — Fein, J. P., Sandler and Sullivan, JJ.

Bloom, J., concurs in a memorandum as follows: As I noted when first *People v Buckley* (74 AD2d 757, 762) was before us, the defendant in that case had no "reasonable or 'legitimate expectation of privacy' either in the safe or in the van which was violated by the search". Hence, he had no standing to object to that search. Scigowski, however, stands on a somewhat different plane. He was the sublessor of the premises searched. Whether he had a reasonable expectation of privacy depends on two factors: whether or not he had repossessed the premises at the time of the search and whether or not the safe into which the weapons had been deposited belonged to him or Stone. If the premises were still in the possession of Stone, Scigowski cannot claim any legitimate expectation of privacy. In any event, if the safe belonged to Stone and not to Scigowski, no reasonable or legitimate expectation of privacy existed. While all of the matters in issue should be determined at a single hearing, these two issues should be preliminary to the balance of the hearing.