■ .MAUREEN LAURA, Appellant, v JACK LAURA, Respondent. — Order, Supreme Court, Bronx County (Chananau, J.), entered July 24, 1981, modifying a judgment of the same court, entered June 26, 1978, pursuant to an order of this court, entered July 17, 1980 (77 AD2d 523), unanimously reversed to the extent appealed from, on the law and in the exercise of discretion, without costs or disbursements, and plaintiff's motion to resettle the aforesaid judgment granted to the extent of awarding interest on the award of arrears from June 1, 1978. On the appeal from the judgment of divorce we modified (p 523) "to amend the judgment to grant to plaintiff-appellant judgment for arrears in payments" under prior orders providing for temporary alimony and child support. After Special Term referred the issue of the amount of arrears due to a referee, the parties eventually agreed that $6,470 was due. Their stipulation did not provide for interest. In her proposed resettled judgment plaintiff sought interest from June 1, 1978, the date of the judgment of divorce. In confirming the referee's report and directing judgment for $6,470 in arrears Special Term refused to award interest. This was error. Section 244 of the Domestic Relations Law provides for interest on "any arrears if the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order * * * from the date on which the payment was due". Defendant offered no explanation for his failure to pay alimony and child support as ordered. Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERTO COFRESI, MIGUEL COFRESI, and HERIBERTO TORRES, Respondents. — Order, Supreme Court, Bronx County (Mazur, J.), entered March 3, 1981, granting defendants' motion to suppress physical evidence, unanimously reversed, on the law, the motion to suppress is denied and the indictment is reinstated. As defendants now concede, in 1980 the United States Supreme Court, in *United States v Salvucci* (448 US 83), and *Rawlings v Kentucky* (448 US 98), abolished the "automatic standing" doctrine and it was thus error for the trial court to entertain the motion to suppress the physical evidence seized at the time of their arrest. (See, e.g., *People v Buckley,* 81 AD2d 511.) Since the Court of Appeals has recently rejected a claim that the doctrine is still viable under the Constitution of this State (*People v Ponder,* 54 NY2d 160), we must reverse the order appealed from and reinstate the indictment. There is no need for another hearing on standing. The record shows that the police officers acted reasonably under the circumstances and did not violate any rights of the defendants. Concur — Kupferman, J. P., Sandler, Carro, Lupiano and Milonas, JJ.