OPINION OF THE COURT
Edward S. Conway, J.
This is a motion for an order removing and discharging Roy R. Wais as conservator of the property of William R. Wais and why a guardian ad litem should not be appointed to represent William R. Wais in certain legal proceedings pending in Albany County.
This court, by the order to show cause bringing on this motion, duly appointed Raymond Kelly, Jr., Esq., guardian ad litem of William R. Wais in this proceeding.
This motion is brought on by Richard DeVries who contends that he is an interested person pursuant to sections 77.33 and 77.35 of the Mental Hygiene Law, and that he has standing to make this motion because he is an officer and shareholder of Widean Holding Corp. and Tall Timber Country Club, Inc., New York corporations that are parties to litigation presently pending in Supreme Court, Albany County, in which William R. Wais is also a party. He further contends that he has standing because Tall Timber Country Club, Inc. purchased property adjacent to that of William R. Wais from William R. Wais which is mortgaged to William R. Wais and his wife. He further contends that he makes his supporting affidavit in support of a motion by Tall Timber Country Club, Inc. and *912 Widean Holding Corp. for the removal or discharge of Roy R. Wais as conservator of the property of William R. Wais.
Roy R. Wais, the conservator of his father William R. Wais, contends that the litigation involving his mother and father arises out of their effort to collect the principal balance due on a mortgage secured by the Tall Timber Country Club, Inc. which is now almost two years in default.
The conservator and the guardian ad litem contend, among other things, that as a matter of law the movants herein lack standing to seek the relief they are presently seeking for they are creditors of the conservatee and that they bring this proceeding to delay the collection of the money they owe to the conservatee.
The movants contend that they are interested persons pursuant to sections 77.33 and 77.35 of the Mental Hygiene Law. This court cannot agree with this contention. It is the opinion of this court that to be an “interested person” under said sections one must be interested in the well-being or best interest of the conservatee and not a person or corporation which has a conflict of interest with the conservatee or one who is an opposing party in litigation against the conservator as in this case.
Therefore, it is the opinion of this court that this proceeding must be dismissed, with $20 costs and disbursements including an allowance of $300 to the guardian ad litem herein as his compensation which is hereby fixed and allowed pursuant to section 77.33 of the Mental Hygiene Law. The costs and disbursements are to be paid by the movants.