■ SION MITRANY, Appellant, v CONNELLY AND BLITZER REALTY COMPANY, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered September 19, 1983 in Ulster County, which, *inter alia*, partially granted defendant's motion for summary judgment dismissing the complaint. ¶ Order affirmed, with costs, upon the opinion of Justice Harold J. Hughes at Special Term. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.

■ HENRY WIT, Respondent, v DEBORAH J. WIT, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Dier, J.), entered October 25, 1983 in Franklin County, which granted plaintiff's motion for summary judgment. ¶ Pursuant to a stipulation between the parties resulting in divorce, plaintiff conveyed his interest in the marital residence to defendant. Also, pursuant to the stipulation of the parties, defendant gave to plaintiff a bond in the amount of $17,000 with interest, secured by a mortgage of the premises. This mortgage, dated August 29, 1980, contained an acceleration clause which provided, *inter alia*, that: "the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any installment of principal or of interest for 30 days". ¶ On December 31, 1982, plaintiff declared default and informed defendant that she was in danger of having the mortgage foreclosed. Thereafter, by complaint verified on June 9, 1983, plaintiff commenced this action to foreclose the mortgage, and defendant answered, asserting defenses of fraud, conspiracy between plaintiff and her attorney, mutual mistake, lack of consideration and tender of payment to expunge her default. A review of the record, however, reveals that summary judgment was properly granted as none of defendant's assertions are sufficient to defeat the motion. In particular, we find no evidence in the record that plaintiff waived his right to accelerate (see *Bowers v Zaimes*, 59 AD2d 803). Moreover, we have carefully examined defendant's central contention of fraud and find that defendant has simply failed to present facts to support her contention with respect to this assertion. ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.