■ JANE E. KLOTZ, Respondent, v HOWARD S. KLOTZ, Appellant. In the Matter of HOWARD S. KLOTZ, Appellant. JANE KLOTZ, as Proposed Conservatee, Respondent.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered February 7, 1991, which directed entry of a money judgment against appellant in favor of respondent for retroactive arrears in maintenance plus interest thereon; order of the same court entered April 23, 1990, which denied appellant's motion for a downward modification of renewed maintenance and granted respondent's cross-motion for counsel fees to the extent of ordering a hearing thereon; judgment of the same court entered May 15, 1990, in favor of respondent in the amount of $105,051.88; order of the same court entered November 27, 1990, which denied appellant's motion that Justice Wilk recuse himself; order of the same court entered December 14, 1990, which granted respondent's motion to dismiss a petition to appoint a conservator; and order of the same court entered January 11, 1991, which denied appellant's motion for reargument and renewal, unanimously affirmed, with costs.

After a fourteen year childless marriage, the parties di-

vorced in 1983. The court provided for equitable distribution, awarding respondent 20% and appellant 80% of the stock in appellant's corporation which had no market value at the time. Respondent was also awarded maintenance of $350 per week for eighteen weeks. Respondent was thereafter involuntarily committed after a psychotic episode and has continued treatment for psychiatric and substance abuse problems on an out-patient basis. In 1984, respondent moved for an upward modification and continuance of the maintenance for an additional three years. After a hearing at which expert psychiatric testimony was presented, the Referee found respondent incapable of employment and recommended continued maintenance of $200 per week prospectively for three years. The parties moved to reject the report and the court, while accepting the factual findings of the Referee, rejected the conclusions and ordered appellant to resume maintenance of $350 per week continuously and retroactive to the time maintenance was discontinued. This Court affirmed and thereafter denied reargument or leave to appeal. An application for leave to appeal to the Court of Appeals on the basis of constitutional claims was dismissed on the ground that the order did not finally determine the action and a motion to reargue was also denied. (*Klotz v Klotz,* 150 AD2d 308, *lv dismissed* 75 NY2d 766, *rearg denied* 75 NY2d 866.)

Appellant thereafter moved for reduction of maintenance to $200 per week, which motion was denied. An appeal was withdrawn when appellant sold his corporation. Respondent's 20% share equaled $123,000 and appellant commenced to pay the full resumed maintenance. Prior to distribution of the proceeds of the sale, appellant petitioned for appointment of a conservator. The court dismissed the petition, finding that appellant was not a "friend" within the meaning of the statute. Appellant also had sought a temporary restraining order to prevent the proceeds of the sale from being turned over to respondent. When the court denied the request, appellant moved for Justice Wilk to recuse himself from deciding the conservatorship application, which motion was denied. After denial of the motion for conservatorship, appellant moved for reargument and renewal, which was denied. He then moved for a downward modification based on respondent's change in economic status. Respondent opposed, contending that her net proceeds from the sale of stock, if invested, were insufficient. The court denied the motion. Respondent then moved to obtain retroactive maintenance and arrears plus interest. The court granted the motion and judgment was thereafter entered.

As this appeal is from a non-final order, the doctrine of *res judicata* does not apply *(see, Parklane Hosiery Co. v Shore,* 439 US 322). Neither does the doctrine of law of the case, as the constitutional objections to the maintenance payments had not previously been decided *(see, Metropolitan Package Store Assn. v Koch,* 89 AD2d 317, *appeal dismissed* 464 US 802, *reh denied* 464 US 1003). Nevertheless, none of the arguments raised by appellant require reversal. Domestic Relations Law § 236 (B) (9) (b) is neither vague nor a denial of due process in allowing for a modification of maintenance upon a showing that a recipient is unable to be self-supporting. Further, appellant was on notice that circumstances could allow for such modifications as Domestic Relations Law § 32 (1) provides that a husband shall be liable for support "of his wife or former wife" and the Domestic Relations Law was in effect at the time the action was commenced. Nor were appellant's due process rights violated by the Referee's consideration of a newspaper story, submitted after the hearing was closed, attacking the credibility of his expert witness, as neither orders of this Court nor of the court below cited this as a factor in its determination to award additional support and the Referee also determined that the expert's testimony was unpersuasive and grossly exaggerated.

The court also properly authorized an award of prejudgment interest upon a sufficient showing that the default was willful and a conscious disregard of the obligations of a lawful court order (Domestic Relations Law § 244; *see, Friedman v Exel,* 116 AD2d 433). The court had properly rejected his argument for a downward modification for failure to sustain the threshold burden of showing sufficient facts or allegations for a change of circumstance to warrant a hearing *(see, Nordhauser v Nordhauser,* 130 AD2d 561).

The court also properly dismissed the petition to appoint a conservator without conducting a hearing, finding that appellant failed to meet any of the qualifications necessary to commence a proceeding (Mental Hygiene Law § 77.03 [a]), and further finding that appellant was not a "friend" within the meaning of the statute because his motive was more to protect his own well-being than concern for respondent *(see, e.g., Matter of Wais,* 119 Misc 2d 911).

Finally, appellant failed to set forth circumstances requiring the court to recuse himself where his impartiality could reasonably be called into question *(see, People v Moreno,* 70 NY2d 403). There is no showing of a relationship between the court and any of the parties or counsel or a personal interest

or improper extrajudicial knowledge *(see, e.g., Leombruno v Leombruno,* 150 AD2d 902). Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Smith, JJ.