■ FRANCES LEWIS, Formerly Known as FRANCES WEINER, Appellant, v JAMES WEINER, Respondent. [594 NYS2d 34] —Order, Supreme Court, New York County (David Saxe, J.), entered September 16, 1991, which, upon reargument, adhered, *inter alia,* to an order of the same court and Justice, entered

---

May 21, 1991 insofar as it failed to award prejudgment interest pursuant to Domestic Relations Law § 244 upon an award for child support arrears, unanimously reversed, on the law, the motion for prejudgment interest granted and the matter remanded for entry of judgment in accordance with this memorandum, without costs. Appeal from the above-described order entered May 21, 1991, unanimously dismissed, without costs.

Domestic Relations Law § 244 provides that, in enforcement proceedings, an award of prejudgment interest is mandatory where "the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" (see, Klotz v Klotz, 176 AD2d 661, 663, appeal dismissed 79 NY2d 915). In this case, the Referee's findings of fact, as confirmed by the IAS Court, clearly demonstrate that defendant's failure to pay the amounts which plaintiff was awarded was without any viable excuse or justification. Prejudgment interest was therefore required by statute.

First, the Referee's report shows that the Referee rejected defendant's explanation for his failure to make medical payments, i.e., that original bills were not submitted to him, and credited plaintiff's testimony to the contrary. In any case, original bills were not required to trigger defendant's obligation. Furthermore, defendant's only explanation for his failure to make payment for his son's tutoring bills was that he had only agreed to pay for tutoring recommended by his son's school. This explanation was patently inadequate to explain his failure to pay for his son's French tutor, who, as defendant does not dispute, was so recommended. Defendant's only explanation for his failure to pay for his son's summer camp was that he did not have the name and telephone number of the camp. This explanation was not only irrelevant under the terms of the parties' agreement, it was belied by the record. Defendant's failure to pay for reimbursement for his son's visit to his maternal grandparents was not only unexplained but was found by the Referee to be "unseemly." Finally, defendant's failure to pay for his son's summer school may not be excused by the disingenuous argument that he did not consider it to be an "alternate, suitable summer activity," as defined by the parties' agreement.

We reject defendant's argument on appeal that the finding of the Referee that there is substantial hostility between the parties may serve as proof that the failure to reimburse

plaintiff for child support payments was not willful. That defendant may have been motivated by hostility toward plaintiff is certainly not an excuse for willful failure to meet his obligations to his child. Furthermore, we reject defendant's argument that the within failure to pay his obligations could not have been willful because not every claim by plaintiff was upheld. The provisions of the separation agreement pursuant to which these sums were awarded are in no way ambiguous. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.