■ PANTELIS DIMATOS, Appellant, v GEORGIA DIMATOS, Respondent. [633 NYS2d 390] —In a matrimonial action in which the parties were divorced by a judgment entered October 15, 1993, the former husband appeals from (1) so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated March 24, 1994, as, in effect, upon granting reargument, adhered to the prior determination in an order dated March 3, 1994, granting the former wife's motion for leave to enter a money judgment, and (2) a judgment of the same court, entered April 21, 1994, which is in favor of the former wife in the principal sum of $83,280.95.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by reducing the principal sum awarded to the former wife from $83,280.95 to $66,280.95; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the former husband is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The former wife moved for leave to enter a money judgment as a result of the husband's failure to pay distributive awards pursuant to a settlement agreement which was incorporated into the judgment of divorce, including $20,000 in cash payable in quarterly installments of $1,500. Under these circumstances, where the parties' settlement agreement did not contain an acceleration clause providing for the entire balance of the $20,000 to be due upon the default of any one installment, the former wife was only entitled to recover past due installments and could not unilaterally declare the entire balance of the $20,000 accelerated (see, Libeson v Copy Realty Corp., 167 AD2d 376). At the time the judgment was entered, only two of the installments, each of which were in the amount of $1,500, had come due and were not paid. Therefore, the judgment has been amended accordingly. Balletta, J. P., Pizzuto, Joy and Altman, JJ., concur.