■ ZITA LLOYD, Respondent, v EDMUND S. LLOYD, Appellant. [640 NYS2d 293] —Mercure, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Patsalos, J.), entered April 26, 1994 in Orange County, which granted plaintiff's motion for an order directing the entry of judgment for maintenance arrears and denied defendant's cross motion for an order modifying the maintenance provisions of the parties' judgment of divorce, and (2) from an order of said court, entered January 19, 1995 in Orange County, which, *inter alia,* restrained the sale of defendant's stock in Lloyd's Shopping Centers, Inc.

Plaintiff commenced this action for a divorce in 1986. The matter finally came on for trial in 1991 and, after 13 days of testimony, the parties entered into a stipulation resolving the disputed issues of equitable distribution and maintenance. The stipulation was incorporated but not merged into the parties' April 22, 1992 judgment of divorce, which provided for a $1,000,000 monetary distribution to plaintiff, of which $750,000 (which the parties' stipulation stated was to be termed "nontaxable maintenance" so as to be nondischargeable in the event of defendant's bankruptcy) was to be paid, together with interest at the rate of 6% per annum, in monthly installments over a period of 10 years commencing April 1, 1992. In order to assure defendant's prompt payment, the judgment provided plaintiff with the following security: (1) a $200,000 mortgage on the marital residence, (2) insurance policies on defendant's life aggregating $500,000, (3) the deposit of $350,000 into a trust account, (4) the delivery of defendant's 34% of the stock in Lloyd's Shopping Centers, Inc. (hereinafter the corporation) to defendant's counsel, to be held in escrow, (5) a resolution of the corporation irrevocably binding it to purchase so much of defendant's stock as may be necessary to satisfy his indebtedness to plaintiff in the event of defendant's default, and (6) a provision accelerating the obligation in the event of failure to cure following notice of default.

It is undisputed that, as of the time of plaintiff's March 1994 motion for an order directing the entry of judgment for ar-

rears, defendant was substantially in default under the terms of the agreement. Specifically, defendant made only partial payments on the $750,000 "maintenance" obligation for February 1993 and subsequent months, with arrears totaling over $60,000 as of the time of plaintiff's application. In addition, defendant had failed to make the $350,000 cash deposit into a trust account, to provide the $500,000 in insurance coverage as provided in the judgment of divorce, to deliver the stock of the corporation to his attorneys or to cause the corporation to adopt the required resolution with regard to purchase of stock necessary to satisfy the outstanding balance owed plaintiff. Accordingly, plaintiff sought an order accelerating the obligation and committing the unpaid balance to judgment.

In opposition to the motion and in support of his cross motion pursuant to Domestic Relations Law § 236 (B) (9) (b) for an order modifying the maintenance and security provisions of the judgment of divorce and stipulation, defendant contended that there existed extreme financial hardship due to a substantial change in circumstances which precluded him from complying with the support provisions of the judgment and stipulation. Defendant's rambling submissions (consisting primarily of a lengthy, detailed and largely irrelevant description of the many postjudgment communications between the parties' attorneys) advance the following excuses for defendant's substantial continuing noncompliance with the judgment of divorce. First, defendant contends that assurances he received from his counsel and the chief financial officer of the corporation concerning certain of the security provisions of the stipulation, "negotiated in the final frenetic 90 minutes", proved to be incomplete or inaccurate, as a result of which he was unable to fulfill his commitment to transfer his 34% stock interest in the corporation, to provide $500,000 in life insurance coverage that was owned by the corporation and to deposit $350,000 into a trust account. Second, defendant contends that the corporation's precarious financial position, requiring it to file a petition under chapter 11 of the Bankruptcy Act (11 USC), did not permit him to satisfy his financial obligations.

We are not persuaded. To the contrary, we agree with plaintiff that defendant's generalized, self-serving allegations fall far short of the required showing of extreme hardship, failing even to raise issues of material fact sufficient to necessitate an evidentiary hearing (*see*, Domestic Relations Law § 236 [B] [9] [b]; *see also*, *Praeger v Praeger*, 162 AD2d 671; *Gerringer v Gerringer*, 152 AD2d 652; *Nordhauser v Nordhauser*, 130 AD2d 561). Significantly, absent expert interpretation, the various

corporate records and financial statements submitted by defendant are indecipherable and, by the time of plaintiff's motion, the corporation had successfully emerged from bankruptcy protection. In addition, Domestic Relations Law § 236 (B) (9) (b) and § 244 each required defendant to show good cause for his failure to make application for relief from the judgment prior to accrual of the arrears (*see, Penziner v Penziner,* 123 AD2d 674, 676), and his claim of delay due to ongoing negotiations is wholly unpersuasive (*see, supra*).

Under the circumstances, we conclude that Supreme Court did not err in granting plaintiff's motion, denying defendant's cross motion and in restraining the sale of defendant's shares of stock in the corporation.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the orders are affirmed, with costs.