■ Anne E. Vicinanzo, Appellant, v Vincent E. Vicinanzo, Respondent. [650 NYS2d 370] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Best, J.), entered November 3, 1995 in Montgomery County, which denied plaintiff's requests for an income deduction order, counsel fees and prejudgment interest.

---

In this ongoing matrimonial dispute (*see*, 210 AD2d 863; 193 AD2d 962), plaintiff, who avers that defendant has repeatedly failed to comply with the maintenance provisions of their divorce judgment, seeks to secure his future performance of those terms by means of an income deduction order (*see*, CPLR 5242) designed to take effect once defendant—presently a self-employed attorney—begins drawing against his tax-deferred retirement savings account. Plaintiff also asks to be reimbursed for counsel fees incurred in bringing the instant motion, and for an award of prejudgment interest on the arrearages that had accumulated prior to April 24, 1995.

Defendant apparently tendered the full amount of his tardy maintenance payments prior to the adjourned return date of plaintiff's motion, and has continued to meet his obligations since that time. Because of this, Supreme Court found the issuance of an income deduction order to be unwarranted and determined further that plaintiff "can pay her own attorney". Plaintiff's motion was denied in its entirety, prompting this appeal.

Defendant does not challenge plaintiff's assertion that he failed to make the payments in question—totaling $17,500—when due, nor does he contend that he was financially unable to do so. On this record, the conclusion is inescapable that defendant willfully defaulted on his maintenance obligation (*see*, Domestic Relations Law § 237 [c]; *cf.*, *Matter of Powers v Powers*, 86 NY2d 63, 68-70). Inasmuch as defendant's clear disregard of his legal responsibility, even in the face of plaintiff's repeated demands for payment and warnings that she would pursue her legal remedies if necessary, resulted in plaintiff incurring the legal fees to bring this motion, and foregoing the use of the money that was rightfully hers for a protracted period, her requests for counsel fees of $3,000 (the reasonableness of which was not questioned) and prejudgment interest should have been granted (*see*, Domestic Relations Law § 237 [c]; § 244; *Able v Able*, 222 AD2d 1125; *Beal v Beal*, 196 AD2d 471, 473; *Klotz v Klotz*, 176 AD2d 661, 663, *appeals dismissed* 79 NY2d 915, 80 NY2d 923). Defendant's belated tender of the maintenance he owed, just several days prior to the return date of the motion (which had been adjourned several times at his request), neither mitigated the effects of his earlier delinquency nor obviated his obligation to compensate plaintiff therefor.

Moreover, plaintiff's moving papers—there are no answering papers—establish that defendant has engaged in a pattern of dilatory conduct with respect to his financial obligations, repeatedly refusing to make court-ordered payments until

forced to do so by the initiation of enforcement proceedings. Inasmuch as defendant has come forth with no evidence refuting plaintiff's averments or countering her showing of good cause for the issuance of an income deduction order, despite having been afforded ample opportunity to do so, that aspect of her motion should have been granted as well (*see*, CPLR 5242 [b]; *Keegan v Keegan*, 204 AD2d 606, 607-608).

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and motion granted.