■ MAUREEN SCOTTO, Appellant, v VICTOR SCOTTO, Respondent. [651 NYS2d 170] —In a matrimonial action in which the

parties were divorced by judgment entered July 13, 1993, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered September 28, 1995, as denied that branch of her motion which was to enforce an acceleration clause contained in the parties' separation agreement.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which is to enforce an acceleration clause set forth in Article V (h) of the parties' separation agreement is granted, and the matter is remitted to the Supreme Court, Nassau County, for determination of the amount to which the plaintiff is entitled pursuant to the acceleration clause and for the entry of judgment thereon.

Pursuant to extensive negotiations, the parties entered into a lengthy and comprehensive separation agreement in 1992 which, *inter alia,* disposed of all economic issues of the marriage. The agreement provided, among other things, that the defendant would pay $1,500 per week as and for spousal maintenance and child support. The payments were to continue until such time as the maintenance received by the plaintiff (referred to in the agreement as "the Wife's Allowance") reached a total of $1,000,000. The agreement further provided that if the defendant defaulted on this obligation, and the default continued for more than 60 days, "then the entire sum of $1,000,000, less the amount of the Wife's Allowance theretofore paid, shall become immediately due and payable without further notice". The agreement was incorporated but not merged in the ensuing judgment of divorce, which expressly set forth the defendant's aforementioned maintenance and child support obligation.

The defendant subsequently failed to make full payments on this obligation for an extended period of time, notwithstanding several letters from the plaintiff and her counsel apprising him of his default and of the possible consequences of his failure to cure. The plaintiff subsequently moved, *inter alia,* for a judgment awarding to her the accelerated balance of the Wife's Allowance. The Supreme Court determined that the defendant had indeed defaulted on this obligation, but declined to enforce the acceleration clause because "[t]here are termination and emancipation events which are foreseeable within the original time frame of payments" such that enforcement of the clause would amount to a "penalty". We disagree.

Having failed to seek appellate review of the Supreme Court's determination that he defaulted in paying support and

therefore is liable for arrears, the defendant is now precluded from contending that he did not default on his obligation to make payments of $1,500 per week to the plaintiff. In any event, the record unequivocally establishes that he did default by unilaterally reducing the payments for a period of approximately 21 months and failing to correct the substantial deficiencies despite numerous written requests by the plaintiff and her attorneys.

It is well settled that "[a]cceleration clauses are quite common and are generally enforced according to their terms" (*Key Intl. Mfg. v Stillman*, 103 AD2d 475, 477, *mod on other grounds* 66 NY2d 924; *see, Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573). Such clauses are no less enforceable merely because they arise in the context of matrimonial actions or familial disputes (*see generally, Lloyd v Lloyd*, 226 AD2d 816; *DiMatos v DiMatos*, 221 AD2d 309; *Wit v Wit*, 102 AD2d 931). On the record before us, there is no indication of any fraud, overreaching, or unconscionable conduct which would bar enforcement of the clause at issue (*see, Fifty States Mgt. Corp. v Pioneer Auto Parks, supra*, at 577).

Furthermore, the Supreme Court's determination that the defendant's obligation to pay a total of $1,000,000 for the Wife's Allowance might be altered by the future occurrence of some foreseeable termination and emancipation events is refuted by the express terms of the parties' agreement, which guarantee total payments of $1,000,000 for the Wife's Allowance "notwithstanding the remarriage of the Wife, the death of either party, the emancipation of the children or any other event or circumstance". Accordingly, enforcement of the acceleration clause does not constitute a penalty (*see, Fifty States Mgt. Corp. v Pioneer Auto Parks, supra*, at 578). Unlike the decisions upon which the defendant relies, the case before us does not involve an unconscionable acceleration based on a trivial or inconsequential default or based on a default which was the product of a good faith mistake and which was promptly cured without any prejudice to the other party. Under these circumstances, the plaintiff is entitled to judgment for the accelerated balance, and we remit the matter to the Supreme Court for that purpose. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.