■ Benito M. Perri, Respondent, v Mary E. Perri, Appellant. [697 NYS2d 162] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Leis, J.), dated February 9, 1998, as (1) awarded her only 55% of the marital assets as equitable distribution, (2) directed her to contribute equally in the repayment of a $19,575 loan for the daughter's college tuition, (3) transferred ownership of her life insurance policy to the plaintiff, and (4) awarded her only $40,726 in arrears in pendente lite support.

Ordered that the judgment is modified by (1) deleting the provision thereof directing that the parties contribute equally in the repayment of a $19,575 loan for the daughter's college tuition and substituting therefor a provision directing the plaintiff to repay this loan in its entirety, and (2) adding to the paragraph thereof which awarded the defendant $40,726 in arrears a further provision awarding her interest upon that sum;

as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for computation of the interest to be charged on the pendente lite arrears, in accordance herewith.

The court erred in directing the parties to contribute equally to the repayment of a $19,575 loan for their daughter's college tuition. Under the circumstances of this case, including the defendant's payment of nearly $10,000 more than she was required to pay toward the daughter's college tuition, and the plaintiff's failure to make any payments toward tuition, the court should have directed the plaintiff to repay the loan in its entirety.

Further, the award of pendente lite arrears was in error to the extent that the court failed to award interest on said arrears in light of the plaintiff's willful failure to make the directed payments (*see,* Domestic Relations Law § 244; *Vicinanzo v Vicinanzo,* 233 AD2d 715; *Laura v Laura,* 89 AD2d 544).

The defendant's remaining contentions are without merit. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.