■ LANCE WOLFSON, Respondent, v PUBLIC ADMINISTRATOR OF NASSAU COUNTY, Appellant. [724 NYS2d 436] —In a matrimonial action in which the parties were divorced by judgment entered December 21, 1993, the Public Administrator of Nassau County, as the Special Administrator of the Estate of the defendant Piper Wolfson, appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated February 3, 1997, which denied the defendant's motion for leave to enter a money judgment in the principal sum of $100,000, plus prejudgment interest, representing arrears in equitable distribution payments, and for an award of an attorney's fee in the sum of $10,000.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for leave to enter a money judgment in the principal sum of $100,000, plus prejudgment interest, representing arrears in equitable distribution payments, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

The appellant was entitled to enter a judgment against the plaintiff in the principal sum of $100,000, plus prejudgment interest. The plaintiff admitted in an affidavit that he deliberately failed to pay the defendant her equitable distribution payment due on February 15, 1996, and he did not cure his default after receiving notice thereof. Although during a stipulation entered on the record in Family Court, Nassau County, on March 29, 1995, the defendant waived her right to receive "the last two" equitable distribution installments that the plaintiff was obligated to pay, the waiver clearly referred to payments Nos. 11 and 12, and not to the missed payment, which was No. 3.

Under Domestic Relations Law § 244, the court did not have the discretion to deny the defendant's application for leave to enter a money judgment for arrears under the divorce judgment since she established that the arrears were due and unpaid (see, *Felton v Felton,* 175 AD2d 794; *Miller v Miller,*

160 AD2d 912). According to the terms of both the divorce judgment and the parties' separation agreement, if the plaintiff defaulted in making an equitable distribution payment he would be responsible for the missed payment—i.e., $25,000— and the next three payments would be accelerated. Accordingly, the plaintiff owes arrears of $100,000 (*see, Scotto v Scotto,* 234 AD2d 442; *Lloyd v Lloyd,* 226 AD2d 816; *DiMatos v DiMatos,* 221 AD2d 309).

In addition, the plaintiff did not demonstrate good cause for his failure to apply for relief from his equitable distribution obligation before the accrual of the arrears (*see, Wittich v Wittich,* 221 AD2d 236; *Goldfarb v Goldfarb,* 175 AD2d 275; *Moore v Moore,* 111 AD2d 375; *Vigo v Vigo,* 97 AD2d 463). To the contrary, the plaintiff admitted that he knowingly, consciously, and voluntarily disregarded the obligation under a lawful court order (*see,* Domestic Relations Law § 244). Because the plaintiff's default was willful, the defendant is entitled to prejudgment interest (*see, Klotz v Klotz,* 176 AD2d 661; *Marceca v Marceca,* 174 AD2d 505; *Laura v Laura,* 89 AD2d 544).

The appellant's remaining contentions are without merit. Altman, J. P., Krausman, Luciano and Schmidt, JJ., concur.