■ DINA ANN GOLDKRANZ, Appellant, v GERARD GOLDKRANZ, Respondent. [917 NYS2d 682]—

The Supreme Court erred in denying that branch of the plaintiff's motion which was, in effect, for an award of interest pursuant to Domestic Relations Law § 244 on unpaid counsel fees in the sum of $39,104. Domestic Relations Law § 244 provides that, in enforcement proceedings, an award of prejudgment interest is mandatory where "the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" (Domestic Relations Law § 244). Here, in an order dated January 25, 2008, the defendant was directed to pay the plaintiff counsel fees in the sum of $39,104, and in the order appealed from, the Supreme Court found that the defendant's default in paying that sum was willful. Accordingly, an award of prejudgment interest on the unpaid counsel fees was required by statute (see Perri v Perri, 265 AD2d 539, 540 [1999]; Lewis v Weiner, 191 AD2d 172, 173 [1993]; Powers v Powers, 171 AD2d 737, 738 [1991]), and the matter must be remitted to the Supreme Court for calculation of the interest due.

In addition, the Supreme Court erred in summarily denying that branch of the plaintiff's motion which was for an award of arrears of pendente lite maintenance. In opposition to this branch of the plaintiff's motion, the defendant contended that he had made certain specific pendente lite maintenance payments which the plaintiff alleged had not been paid, but he conceded that for 21 consecutive weeks during the relevant period of time, he had failed to pay the plaintiff maintenance in the amount of $1,250 per week as required by the pendente lite support order. However, he averred that he had subsequently paid the plaintiff the sum of $15,000 towards his pendente lite maintenance arrears, "thus substantially reducing the arrears in direct support." In light of the parties' sharply conflicting factual allegations, the Supreme Court should have set the matter down for an evidentiary hearing to determine the amount, if any, of pendente lite maintenance arrears due pursuant to the pendente lite order (see Fackelman v Fackelman, 50 AD3d 732, 734 [2008]; D'Anna v D'Anna, 17 AD3d 400, 401 [2005]; Vogel v Vogel, 12 AD3d 592, 592-593 [2004]; Rogers v Rogers, 151 AD2d 738 [1989]). Accordingly, this matter must be remitted to the Supreme Court, Queens County, for a hearing on this issue, and a new determination thereafter.

The plaintiff's remaining contention is without merit. Dillon, J.P., Covello, Florio and Hall, JJ., concur.