■ In the Matter of Cecilia Locicero, Appellant, v Eugene G. Mosca, Respondent. [26 NYS3d 168]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered June 18, 2014. The order denied the mother's objections to an amended order of that court (Rosa Cabanillas-Thompson, S.M.), entered January 25, 2013, which, after a hearing, granted the mother's petition to enforce certain provisions of a decision and order (one paper) of the Connecticut Superior Court dated August 28, 2003, only to the extent of directing the entry of a money judgment in favor of the mother and against the father in the principal sum of $169,513.97 for basic and additional unallocated alimony and child support arrears and denying prejudgment interest thereon.

Ordered that the order entered June 18, 2014, is reversed, on the law and the facts, with costs, the mother's objections to the amended order entered January 25, 2013, are granted, the

amended order entered January 25, 2013, is vacated, and the matter is remitted to the Family Court, Westchester County, for the entry of a money judgment in favor of the mother and against the father in the principal sum of $342,507.44, plus prejudgment interest pursuant to Family Court Act § 460 (1), computed from the respective dates on which each support payment was due.

The parties were married in New York on September 14, 1991. They subsequently moved to Connecticut and had two children, who were born in 1992 and 1994. In August 2002, the mother moved out of the marital residence in Connecticut and into a rental property in New York with the children and commenced an action for divorce in Connecticut. The marriage was dissolved by a decision and order of the Connecticut Superior Court dated August 28, 2003 (hereinafter the Superior Court order).

At the time that the Connecticut Superior Court held a trial in the matrimonial action, the father, who was employed selling annuities, earned commissions which exceeded his annual $175,000 draw. For the years of 1998 through 2001, the parties' joint income tax returns showed that the father earned as much as $394,399 and no less than $291,812 for those years. Moreover, when the father filed a separate income tax return for 2002, he reported income of $410,866.

During the trial, the father testified that his territory had been reduced and his commission arrangement changed to a less favorable one. He also submitted a financial affidavit, dated July 17, 2003, showing a gross monthly income of $16,819.79, or $201,837.48 per annum. The Superior Court order stated that "in listening to the testimony and reviewing the evidence, the court seriously questions [the father's] bona fides. The figures that he used for his financial affidavit would appear to be selected in a light most beneficial to him as opposed to reflecting a more accurate picture of his actual earnings." The Superior Court noted that the father's testimony was "marked by evasiveness and feigned obtuseness, in particular regarding his finances."

The Superior Court found that, based on the father's pay stubs for the first 5½ months of 2003, his annualized income for the year would be $218,725. Given this evidence, the court directed, in pertinent part: "Commencing September 1, 2003, and monthly thereafter, the [father] shall pay to the [mother] the sum of $9,000.00 as and for periodic unallocated alimony and child support, until the death of either party, the remarriage of the [mother], or August 31, 2014, whichever shall

sooner occur. . . . At such time as the [father]'s gross income shall exceed $220,000 in any given calendar year, he shall pay to [the mother] as and for *additional periodic alimony* and child support, 35% of his gross bimonthly paycheck in excess of $9,167.00, before any deductions, and he shall provide the [mother] with satisfactory evidence of his earnings by sending her a photocopy of each and every paycheck so affected at the same time as he sends the monthly alimony and support check to her."

In 2005, the mother commenced a proceeding in the Supreme Court, Westchester County, to enforce the Superior Court order, which had been filed and entered in New York, and sought, inter alia, arrears for alimony and child support. The matter was subsequently referred, on consent, to the Family Court. On consent of the parties, the Support Magistrate, by order of disposition entered July 5, 2006, fixed the father's arrears at $110,000 plus add-ons in the amount of $13,000 for the period from September 1, 2003, through March 1, 2006.

Thereafter, in February 2012, the mother commenced this proceeding to enforce the Superior Court order, asserting that the father was in arrears in excess of $36,000 in basic support and that the father had not paid any additional support, despite being required to pay 35% of the amount of his earnings in excess of $220,000 as additional support. The mother also sought prejudgment interest. After a hearing, the Support Magistrate granted the mother's enforcement petition only to the extent of directing the entry of a judgment in favor of the mother in the principal sum of $169,513.97. The mother filed objections, and the Family Court denied the objections.

Based upon a fair interpretation of the Superior Court order, under the circumstances of this case, the Family Court erred in denying the mother's objections to so much of the amended order of the Support Magistrate as fixed the father's arrears at only $169,513.97 for basic and additional unallocated alimony and child support. The father's position is that he is obligated to pay additional support only after he earns the threshold amount of $220,000 annually and thereafter receives a bimonthly paycheck in excess of $9,167. However, while testifying in this proceeding, the father admitted that in a financial disclosure affidavit he submitted in the 2005 enforcement proceeding, he stated that the calculation of his additional support was based on his annual earnings "over $220,000," without qualification.

Moreover, the subject provision in the Superior Court order establishes that in each year the father earned more than

$220,000, the mother was entitled to her base unallocated support of $108,000 on the first $220,000 of the father's income plus 35% of the excess. The father's interpretation of the subject provision would not give it full force and effect. Instead, the father's interpretation, adopted by the Support Magistrate, would subject any calculation of additional support due under the provision to potential manipulation, as the amount owed for additional support would not be calculated on the irrefutable total amount of income earned by the father, but instead on the arbitrary amount of each paycheck once the $220,000 annual income threshold was met. Consequently, the father could earn the same total income every year but, since he is a commissioned employee, the amount of additional support to the mother could be a different amount based upon the manner in which the income was paid, on a bimonthly basis, to the father.

The father's remaining contentions are without merit.

Accordingly, based upon the evidence before the Support Magistrate, the father's support arrears should have been calculated as follows: at $67,884.60 for 2006 based on reported income of $422,705.74 ($178,947 owed, less $111,062.41 paid); at $62,181.02 for 2007 based on reported income of $427,151.16 ($180,502.90 owed, less $118,321.88 paid); at $79,153.06 for 2008 based on reported income of $471,411.59 ($195,994.05 owed, less $116,840.99 paid); at $42,366.59 for 2009 based on reported income of $351,165.84 ($153,908.04 owed, less $111,541.45 paid); at $58,402.95 for 2010 based on reported income of $350,761.03 ($153,766.36 owed, less $95,363.41 paid); and at $32,519.22 for 2011 based on reported income of $249,551.94 ($118,343.17 owed, less $85,823.96 paid). Consequently, the total arrears owed by the father to the mother should have been calculated as $342,507.44.

In addition, the Family Court erred when it failed to award prejudgment interest, computed from the respective dates on which each support payment was due, pursuant to Family Court Act § 460 (1). In enforcement proceedings, an award of prejudgment interest is mandatory where "the default was willful, in that the defaulting party knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" (Family Ct Act § 460 [1]). Here, the Support Magistrate found that the father had willfully disobeyed an order of support, and thus such an award was mandated by Family Court Act § 460 (1) (*see Matter of Petkovsek v Snyder*, 262 AD2d 992, 993 [1999]; *see e.g. Goldkranz v Goldkranz*, 82 AD3d 699, 700 [2011]; *Rivers v Rivers*, 35 AD3d 426, 429 [2006]).

Accordingly, we remit the matter to the Family Court, Westchester County, for the entry of a money judgment in favor of the mother and against the father in the principal sum of $342,507.44 plus prejudgment interest pursuant to Family Court Act § 460 (1) (*see* CPLR 5001 [c]) computed from the respective dates on which each support payment was due. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.