Uttamchandani v Uttamchandani (2019 NY Slip Op 06645)





Uttamchandani v Uttamchandani


2019 NY Slip Op 06645


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-12334
 (Index No. 2045/12)

[*1]Divya Uttamchandani, respondent-appellant,
v
Prakash Uttamchandani, appellant-respondent.


Assaf & Siegal PLLC, Albany, NY (Michael D. Assaf of counsel), for appellant-respondent.
Howard J. Pobiner, White Plains, NY, for respondent-appellant.



DECISION & ORDER
In a matrimonial action, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated October 5, 2017. The order, insofar as appealed from, denied the defendant's cross motion, in effect, for leave to reargue his opposition to those branches of the plaintiff's prior motion which were for a determination as to certain credits to be paid to the plaintiff from the defendant's share of the net proceeds of the sale of the former marital residence. The order, insofar as cross-appealed from, denied those branches of the plaintiff's motion which were for leave to enter a money judgment and for counsel fees.
ORDERED that the appeal is dismissed; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, those branches of the plaintiff's motion which were for leave to enter a money judgment and for counsel fees are granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, including a hearing, and the entry of an appropriate money judgment; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were divorced by judgment of divorce dated May 14, 2015. After the sale of the former marital residence, the plaintiff moved, inter alia, for leave to enter a money judgment for arrears under the judgment of divorce and for an award of counsel fees. The defendant cross-moved "for reconsideration of" his opposition to the plaintiff's prior motion to enforce the terms of the parties' judgment of divorce pertaining to the distribution of the proceeds of the sale of the former marital residence (see Uttamchandani v Uttamchandani, ___ AD3d ___ [Appellate Division Docket No. 2016-08856; decided herewith]). The Supreme Court denied the plaintiff's motion on the ground that it was unclear what amount was due after distribution of the net proceeds of the sale of the former marital residence. The court also denied the defendant's cross motion. The defendant appeals, and the plaintiff cross-appeals.
The defendant's cross motion "for reconsideration of" his opposition to a prior motion was, in actuality, one for leave to reargue (see Liang v Yi Jing Tan, 140 AD3d 1029, 1029; Basile v Wiggs, 117 AD3d 766, 766). As the denial of a motion for leave to reargue is not appealable, the defendant's appeal must be dismissed (see Alvarez v Jawaid, 163 AD3d 746; Perry v Kone, Inc., 147 AD3d 1091, 1093; Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140).
The Supreme Court should not have summarily denied those branches of the plaintiff's motion which were for leave to enter a money judgment and for an award of counsel fees. A party to a matrimonial action may make an application for a judgment directing the payment of arrears at any time prior to or subsequent to the entry of a judgment of divorce (see Domestic Relations Law § 244; McCoy v McCoy, 117 AD3d 806, 808). Here, the court did not have the discretion to deny the plaintiff's application for leave to enter a money judgment since she established that arrears were due and unpaid (see Seale v Seale, 154 AD3d 1190, 1195; Wolfson v Public Adm'r of Nassau County, 282 AD2d 743, 743; Felton v Felton, 175 AD2d 794, 795). Where, as here, there are triable issues of fact as to the amount of arrears, an evidentiary hearing should be held (see Goldkranz v Goldkanz, 82 AD3d 699, 700; D'Anna v D'Anna, 17 AD3d 400, 401). Furthermore, upon determining the amount of arrears owed, the court should have considered the plaintiff's request for prejudgment interest (see Domestic Relations Law § 244; Goldkranz v Goldkranz, 82 AD3d at 700) and an award of counsel fees (see Domestic Relations Law §§ 237[c]; 238; Schiffer v Schiffer, 55 AD3d 714, 715). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for further proceedings, including a hearing, and the entry of an appropriate money judgment.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court