Di Francesco v McEnroy (2025 NY Slip Op 06896)

Di Francesco v McEnroy

2025 NY Slip Op 06896

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 652466/24|Appeal No. 5369|Case No. 2025-01674|

[*1]Daniela Di Francesco, Plaintiff-Respondent-Appellant,
v
Conor McEnroy, Defendant-Appellant-Respondent.

Blank Rome LLP, New York (Martin S. Krezalek and Avery I. Normyle of counsel), for appellant-respondent.
The Alber Firm, P.C., Huntington Station (Joy Y. Frank of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about March 7, 2025, which to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the causes of action for recission (second, third, and fourth causes of action), setting aside of the parties' settlement agreement (fifth cause of action), and breach of fiduciary duty and accounting (sixth cause of action), and denied defendant's motion to dismiss the cause of action seeking judgment on defendant's confession of judgment (the first cause of action), unanimously modified, on the law, to grant the motion to dismiss the first cause of action, and otherwise affirmed, without costs.
Supreme Court correctly found that plaintiff ratified the parties' settlement agreement and therefore is estopped from challenging its validity (see Hoffer-Adou v Adou, 121 AD3d 618, 619 [1st Dept 2014]; Groper v Groper, 132 AD2d 492, 496 [1st Dept 1987]). Plaintiff accepted substantial benefits from the parties' 2018 separation agreement for a number of years, including maintenance payments for six years and a distributive award in excess of one million dollars in May 2020. This acceptance of benefits was sufficient to constitute a relinquishment of the right to challenge the agreement (see Kessler v Kessler, 89 AD3d 687, 688 [2d Dept 2011]).
However, Supreme Court should have dismissed the cause of action seeking judgment on the confession of judgment. Under terms of the confession of judgment agreement and the parties' settlement agreement, the confession of judgment was executed to secure defendant's obligations with respect to the distributive award and the monthly maintenance payment before he established and funded a trust for plaintiff's benefit. The distributive award has already been paid, and the monthly maintenance payments continue to be paid. Furthermore, under the terms of the separation agreement, should defendant default on his maintenance payments, plaintiff would be able to recover only the unpaid maintenance, not the entirety of the confession of judgment. Neither the separation agreement nor the confession of judgment contains language providing that failure to establish the trust within five years constitutes a default of the settlement agreement, or providing that plaintiff will be entitled to effective acceleration of the entire security amount should defendant fail to establish the trust (see DiMatos v DiMatos, 221 AD2d 309, 310 [2d Dept 1995]; cf. Wolfson v Public Adm'r of Nassau County, 282 AD2d 743, 744 [2d Dept 2001]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025