■ HARRIET ZANG, Respondent, v THEODORE ZANG, Appellant.—Order, Supreme Court, New York County, entered April 19, 1977, granting a $350 counsel fee, pursuant to a motion by plaintiff's counsel, for legal services rendered to the plaintiff in opposing a motion made by defendant for leave to appeal to the Court of Appeals, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs and disbursements, and the motion denied. In awarding the counsel fee, Special Term incorrectly observed that "this is the first application by plaintiff, wife, for a counsel fee," whereas a prior $1,000 counsel fee was awarded. Further, where the wife is not indigent and is able to pay her own counsel, no award should be made (see *Kann v Kann,* 38 AD2d 545). In view of this and of the counsel fees already paid by plaintiff to her counsel, no basis is presented which would warrant award of the counsel fee directed by Special Term. Indeed, even *assuming* the award of counsel fee to be proper, it is clear that the amount of $350 is excessive. Concur—Lupiano, J. P., Fein, Lane, Lynch and Sandler, JJ.

■ In the Matter of EUGENE J. SILBERMAN METHADONE MAINTENANCE TREATMENT PROGRAM, Appellant, v ROBERT M. MORGENTHAU, Respondent.—Order, Supreme Court, New York County, entered on or about January 23, 1978, denying petitioner-appellant's motion to quash a Grand Jury subpoena duces tecum and ordering compliance therewith, unanimously affirmed, with $40 costs and disbursements of this appeal to respondent. Other than to note that there is insufficient support in the record for petitioner-appellant's bare allegation of violation of its right to due process, we affirm on the opinion of Justice George F. Roberts at Trial Term. Concur—Silverman, J. P., Evans, Fein, Lynch and Sullivan, JJ.