■ GABRIEL K. RUBIN, Appellant-Respondent, v MAXINE RUBIN, Respondent-Appellant. GABRIEL K. RUBIN, Appellant, v MAXINE RUBIN, Respondent. —Order, Supreme Court, New York County, entered October 25, 1978, which, *inter alia,* denied defendant's application for counsel fees, unanimously modified, on the law and in the exercise of discretion, without costs or disbursements, to the extent of granting the application for counsel fees and remanding the matter to determine the proper amount thereof and, except as thus modified, affirmed. Plaintiff's appeal from said order unanimously dismissed, as abandoned, without costs or disbursements. Order, Supreme Court, New York County, entered April 21, 1978, denying plaintiff's motion for a protective order quashing an information subpoena, unanimously affirmed, without costs or disbursements. Defendant moved for

an order adjudging plaintiff husband to be in contempt for failure to pay alimony arrears, admittedly due, and to post security for alimony, as directed. After a hearing upon reference to determine plaintiff's assertion of financial inability to pay, the Referee's report was confirmed and the motion granted. In addition to finding plaintiff to be in contempt and directing payment of arrears and the posting of a bond, the court, *sua sponte,* deemed his opposition papers to have included a prayer for downward modification and reduced the amount of alimony to be paid to $1,166.66 per month, effective March, 1978. When the court was informed that in its decision on the motion to confirm it had overlooked defendant's request for counsel fees, which had been held in abeyance pending receipt and action on the Referee's report, the court denied the application on the ground that plaintiff lacked the financial ability in the light of the burdens imposed by the court's decision directing payment of arrears and current alimony. The refusal to award counsel fees was an abuse of discretion. Section 238 of the Domestic Relations Law provides for the award of counsel fees in the discretion of the court in enforcement proceedings such as these. If defendant, a psychiatrist of no insubstantial means, would be financially burdened by paying counsel fees in these proceedings, it is because he has refused to comply with two prior court orders, which noncompliance necessitated these proceedings. Although plaintiff has appealed from the order confirming the Referee's report and holding him in contempt, he has not submitted any brief on these issues. Accordingly, we deem his appeal abandoned. Finally, it was proper to deny the motion to quash the information subpoena served upon plaintiff's counsel in a companion proceeding. No attorney-client privilege is involved in the information sought and, even if it were, plaintiff waived the privilege, at least as to the questions having to do with fee payments to his attorney. Concur—Evans, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.