OPINION OF THE COURT
Mara T. Thorpe, J.
In this proceeding to enforce a prior order of the court directing respondent to contribute to the support of his out-of-wedlock child, petitioner has made a motion for counsel fees. The issues raised are (1) whether section 536 or section 438 of the Family Court Act is the controlling statute and (2) if section 536 governs, may a fee award be made despite petitioner’s failure to establish her financial inability to pay her attorney?
The history of this litigation is as follows: On June 23, 1978, an order of filiation was entered under article 5 of the Family Court Act declaring respondent to be the father of petitioner’s out-of-wedlock child. Subsequently, a hearing was held on the issue of support and respondent was directed to pay $100 per week commencing September 13, 1979, plus another $100 per week towards the sum of $16,900 which the court found to be the amount of support due retroactively to the date of the child’s birth. Pursuant to section 536 of the Family Court Act, the court also fixed $3,000 for counsel fees and stated that “notwithstanding Petitioner’s payment of $2500 to her attorney, the Court finds that Petitioner is unable to pay an adequate counsel fee. The record discloses that Petitioner, a teacher, cur *951 rently earns $25 per diem and works 3-4 days a week.” (Family Ct, NY County, Sept. 10, 1979.)
Thereafter, respondent fell into arrears, petitioner filed a petition alleging violation of the support order, and on May 9, 1980, a consent order was entered fixing current arrears at $3,100. Respondent was ordered to pay $400 per month towards arrears plus the $100 per week child support and $100 per week towards the retroactive support due. On July 31, 1980, petitioner again filed a petition alleging that respondent was in arrears and after a hearing on September 4,1980, this court found respondent to be $2,900 in arrears and ordered him to reduce this amount at the rate of $500 per month commencing on September 12, 1980.
During the course of the hearing the instant motion for counsel fees was made and testimony was taken regarding the financial circumstances of the parties. The petitioner’s testimony on this issue was not forthcoming and was exceedingly vague. In view of this and her testimony that in 1980 her per diem salary was twice what the court found she earned in September 1979, this court finds that she has not satisfactorily established her inability to pay counsel fees. Thus, petitioner does not meet the requirement set forth by section 536 of the Family Court Act for an award of counsel fees, and unless they may be awarded on some other basis in this case, her motion must be denied.
In contrast to section 536 of the Family Court Act which provides that counsel fees may be awarded to the attorney for the petitioner in a paternity proceeding “if she is unable to pay such counsel fees” section 438 of the Family Court Act authorizes an award of counsel fees in the court’s discretion without expressly requiring that the award be predicated upon a finding that the petitioner is financially unable to bear those costs. Petitioner argues that the court should apply section 438 of the Family Court Act here inasmuch as section 548 of the Family Court Act makes parts 5 and 7 of article 4 (which pertain to compliance with support orders and undertakings in connection therewith) applicable after an order has been entered under article 5. However, since section 438 of the Family Court Act is not contained in either part 5 or 7 of article 4, section 548 of the *952 Family Court Act does not appear to support petitioner’s argument. Nonetheless, the First Department has given an indication that section 438 of the Family Court Act may govern awards for the services of counsel in connection with the support phase of an article 5 proceeding. In Pfeiffer v Byrne (74 AD2d 791), a proceeding commenced under article 5, the court cites section 438 together with section 536 when remanding the case to the Family Court for a hearing to fix the counsel fees attributable to the child support and filiation phases of the proceedings. In the absence of more definitive guidance on this issue, however, this court declines to rely on section 438 of the Family Court Act for an award of counsel fees herein.
Like section 536 of the Family Court Act, section 438 of the Family Court Act and section 237 of the Domestic Relations Law, which govern counsel fees in matrimonial actions, are exceptions to the usual rule that parties pay their own counsel fees. The purpose of the exception is to enable a party to carry on the action if she would not otherwise be financially able to do so. (Kann v Kann, 38 AD2d 545 [Domestic Relations Law, § 237]; Carole K v Arnold K, 85 Misc 2d 643, mod 87 Misc 2d 547 [Family Ct Act, § 438]; see Matter of Audrey D. v Michael O., 77 Misc 2d 230.) Thus, although the wording of section 438 of the Family Court Act and section 237 of the Domestic Relations Law is not the same as that of section 536 of the Family Court Act, all three statutes have been interpreted by the courts to require a predicate finding of financial inability to pay for counsel before a fee award may be made. (See Winter v Winter, 39 AD2d 69, affd 31 NY2d 983 [Domestic Relations Law, § 237]; Mann v Wasserberger, 65 AD2d 717 [Domestic Relations Law, § 237]; Zang v Zang, 63 AD2d 561 [Domestic Relations Law, § 237]; Kann v Kann, supra [Domestic Relations Law, § 237]; Carole K v Arnold K, supra [Family Ct Act, § 438]; Matter of Audrey D. v Michael O., supra [Family Ct Act, § 438]; Bartsch v Seneca, 24 AD2d 847 [Family Ct Act, § 536].)
However, where counsel fees are necessitated by unjustifiable conduct on the part of the defendant, fee awards have been approved under section 237 of the Domestic Relations Law and section 438 of the Family Court Act *953 despite the availability to the petitioner of moneys for that purpose. For example, in Stern v Stern (67 AD2d 253, 254) where the litigation was unduly prolonged due to “obstructionists” tactics by the husband, the Appellate Division stated that it would be unjust to require the wife to utilize any of the approximately $70,000 available to her to pay the $34,500 counsel fee incurred in reaching a settlement which might just as easily have been attained earlier but for “lack of good faith” by the husband.
Similarly, in Matter of Audrey D. v Michael O. (77 Misc 2d 230, supra) which was a proceeding for arrears of child support, section 438 of the Family Court Act was interpreted to permit an award of counsel fees despite the adequacy of petitioner’s financial resources since there was no indication that the respondent had made any offer to comply with his support obligations nor that the litigation had been necessary to resolve a genuine controversy.
Since section 438 of the Family Court Act and section 237 of the Domestic Relations Law have received the same restrictive interpretation as section 536 of the Family Court Act, this court holds that the exception to that interpretation carved out by Stern v Stern (supra) and Matter of Audrey D. v Michael O. (supra) may properly be applied to section 536 of the Family Court Act in the circumstances of the instant case. This is the second time within a period of a few months that respondent has failed to comply with the child support obligations imposed upon him by order of this court. This is thus the second time within the same period that petitioner has been forced to initiate an enforcement proceeding. In neither proceeding did respondent raise any valid defense to the nonpayment. In the first proceeding respondent conceded the arrears and a consent order was entered. In this proceeding respondent insisted on a hearing and argued that he was not in arrears, relying on a seemingly complicated system of bookkeeping. However, the question of arrears was resolved against him by the use of simple arithmetic and the court finds that his defense was not made in good faith. This litigation was completely unnecessary and it would be unjust to require petitioner to bear the cost of counsel fees incurred solely because of respondent’s unjustifiable non *954 compliance with an obligation which has already been judicially determined.
Rubin v Rubin (67 AD2d 856) cited by petitioner is not on point as it was decided under section 238 of the Domestic Relations Law, a counsel fee statute which has not been given the limiting construction which sections 536 and 438 of the Family Court Act and section 237 of the Domestic Relations Law have been given. Nonetheless, the case provides an important measure of the extent of judicial disapproval of conduct resulting in unnecessary and unjustifiable litigation. In Rubin, the Supreme Court had found the husband to be in contempt for failure to pay alimony arrears, but had denied an application by the wife for counsel fees, finding the husband financially unable to pay them. The Appellate Division reversed the denial of counsel fees and directed that he pay them despite the finding that he was financially unable to do so, stating that if the husband “would be financially burdened by paying counsel fees *** it is because he has refused to comply with two prior court orders, which noncompliance necessitated these proceedings.” (Rubin v Rubin, 67 AD2d 856, 857.)
The court rejects respondent’s argument that the fee application should be denied because counsel is not essential in an enforcement proceeding since there is a staff of experienced fiscal officers in the court’s Support Collection Unit (SCU) to enforce support orders. The payments in question here were to have been made directly to petitioner and thus the SCU was not involved in this case. Moreover, it cannot be said that the services of an attorney were unnecessary since respondent’s denial of arrears made cross-examination necessary.
Taking into consideration the foregoing as well as the nature of the proceeding, the issues presented, the expertise of petitioner’s attorney, the time expended by him on this matter and the circumstances of respondent, the court finds that $1,000 is a fair and reasonable counsel fee.
Accordingly, respondent is hereby directed to pay to petitioner’s attorney at his place of business the foregoing amount in two equal installments on February 13, 1981 and March 13, 1981.