■ CATHERINE LAZANSKY, Respondent-Appellant, v MARK G. LAZANSKY, Appellant-Respondent.—In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated March

12, 1984, the defendant husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated October 2, 1987, as granted that branch of the plaintiff's motion which was for leave to enter a judgment of arrears in maintenance and child support and denied his cross motion for downward modification of the support provisions of the stipulation incorporated into the judgment of divorce, and (2) a judgment of the same court, entered November 6, 1987, which is in favor of the plaintiff and against him in the sum of $13,831.65. The plaintiff wife cross-appeals from so much of the order dated October 2, 1987, as denied that branch of her motion which was for an award of counsel fees.

Ordered that the appeal from the order is dismissed as the portion of the order appealed from by the defendant was superseded by the entry of the judgment thereon; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, that branch of the plaintiff's motion which was for an award of counsel fees is granted, and the matter is remitted to the Supreme Court, Westchester County, to determine the proper amount thereof; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment on the portion of the order appealed from by the defendant (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The parties entered into a stipulation of settlement of certain aspects of the divorce action which provided, inter alia, that the defendant would pay the plaintiff a specific sum for her maintenance and for the support of their infant son, who was in the plaintiff's custody. The stipulation was incorporated into the judgment of divorce. The defendant maintains that the amount agreed upon for maintenance and child support was to yield a net figure after taxes. When there was a change in the tax laws resulting in a reduction of taxes, the defendant concluded that the net amount received by the plaintiff exceeded the sum agreed upon. Therefore, he unilaterally reduced his gross payments.

Neither the provisions of the original stipulation of settle-

ment nor the subsequent written amendment thereto, pertaining to monthly maintenance and child support payments, reflect any tax ramifications or mention the plaintiff's receipt of a net amount after taxes for maintenance and child support. The parol evidence rule precludes the defendant from proffering evidence of the parties' allegedly unexpressed intention to include tax consequences in the computation of maintenance and child support, for the purpose of contradicting, varying, or adding to the express terms of their written agreements (see, Richardson, Evidence § 601 [Prince 10th ed]). Consequently, the court properly awarded plaintiff a judgment for the arrears owed by the defendant.

Lastly, we find, under the circumstances of this case, that the denial of an award of counsel fees to the plaintiff, who was compelled to bring this motion to enforce the maintenance and child support provisions of the divorce judgment, constituted an improvident exercise of discretion (see, Domestic Relations Law § 238; *Rubin v Rubin,* 67 AD2d 856). Accordingly, the matter is remitted to the Supreme Court for a determination of the reasonable amount to be awarded as counsel fees. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.