■ ERIN D'ANNA, Appellant, v JOHN A. D'ANNA, Respondent. [793 NYS2d 454]—

In a matrimonial action in which the parties were divorced by judgment dated November 15, 2002, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Richmond County (Maltese, J.), dated December 22, 2003, which, inter alia, denied those branches of her motion which were for leave to enter a judgment in the sum of $100,000 for money owed to the plaintiff from the defendant's 50% share of the parties' jointly-owned investment account, and arrears for uncovered cancer-care expenses, psychotherapy expenses, and distributive award payments, and an award of an attorney's fee.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for leave to enter a judgment in the sum of $100,000 for money owed to the plaintiff from the defendant's 50% share of the parties' jointly-owned investment account and substituting therefor a provision granting that branch of the motion to the extent of granting the plaintiff leave to enter a judgment in the sum of $60,658.39, and otherwise denying that branch of the motion, (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a judgment for arrears for uncovered cancer-care expenses and substituting therefor a provision granting that branch of the motion to the extent that a hearing shall be held to determine the amount of the arrears of uncovered cancer-care expenses, (3) deleting the provision thereof denying that branch of the motion which was for leave to enter a judgment for arrears for psychotherapy expenses and substituting therefor a provision granting that branch of the motion, and granting the plaintiff leave to enter a judgment in the sum of $1,960, (4) deleting the provision thereof denying that branch of the motion which was for leave to enter a judgment for arrears in distributive award payments, and substituting therefor a provision granting that branch of the motion to the extent that a hearing shall be held to determine whether the defendant breached his obligation to pay the plaintiff $1,000 per month as a distributive award payment, and (5) deleting the provision thereof denying that branch

of the motion which was for an award of an attorney's fee and substituting therefor a provision granting that branch of the motion and directing that a hearing be held to determine the amount of a reasonable attorney's fee; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

The parties entered into an oral stipulation of settlement that was incorporated into, but not merged with, a judgment of divorce. After the judgment of divorce was entered, the plaintiff, who contended that the defendant failed to comply with various terms of the judgment, moved, inter alia, pursuant to Domestic Relations Law § 244 for leave to enter a judgment. The Supreme Court denied the motion. This appeal ensued.

According to the terms of the divorce judgment, the parties were required to divide their jointly-owned investment account equally and thereafter the defendant was required to pay the plaintiff an additional $100,000 from the account. No date was established for the division of the account. However, on the date the defendant withdrew $140,000, which he claimed to be his share, the value of the account was $358,683.21. The balance of $218,683.21 was left for the plaintiff. Therefore, we find that the defendant received $60,658.39 more than he was entitled to under the judgment of divorce. Accordingly, the plaintiff should have been granted leave to enter a judgment for that amount (*see* Domestic Relations Law § 244; *Wolfson v Public Adm'r of Nassau County*, 282 AD2d 743 [2001]; *Paul v Paul*, 200 AD2d 820 [1994]).

Similarly, it is clear that the defendant breached his obligation to pay for two psychotherapy sessions for the plaintiff each month. Since the plaintiff established that her expenses in this regard totaled $1,960, she should have been granted leave to enter a judgment for this amount as well.

It is also clear that the defendant, who was required to pay for the plaintiff's cancer care expenses that were not covered by health insurance, breached his obligation to do so. The Supreme Court should have granted this branch of the plaintiff's motion to the extent of setting the matter down for a hearing to determine the amount of the arrears (*see Vogel v Vogel*, 12 AD3d 592 [2004]; *see also Felton v Felton*, 175 AD2d 794 [1991]; *Gunsburg v Gunsburg*, 173 AD2d 232 [1991]). Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a hearing to determine the amount of the arrears (*see Vogel v Vogel, supra; Boris v Boris*, 245 AD2d 409 [1997]; *Rogers v Rogers*, 151 AD2d 738 [1989]).

Furthermore, an issue of fact exists as to whether the defendant breached his obligation to pay the plaintiff $1,000 per month as a distributive award payment. Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a hearing to determine this issue.

Under the circumstances of this case, where the plaintiff was compelled to bring this motion for enforcement, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for an award of an attorney's fee (*see* Domestic Relations Law §§ 238, 244). Since that branch of the motion should have been granted, we remit the matter to the Supreme Court, Richmond County, for a hearing to determine the amount of a reasonable fee (*see Lazansky v Lazansky,* 148 AD2d 501 [1989]; *Rubin v Rubin,* 67 AD2d 856 [1979]).

The plaintiff's remaining contentions are without merit. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.