■ Parmajit Kaur, Respondent, v Balwinder Singh, Appellant. [843 NYS2d 350]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Geller, S.R.), entered March 31, 2006, as, after a nonjury trial, awarded the plaintiff 75% of the marital assets and awarded him only 25% of the marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court improvidently exercised its discretion in taking marital fault into account in awarding the plaintiff 75% of the marital assets. Marital fault is not a relevant consideration under the equitable distribution provisions of the Domestic Relations Law, except in those rare instances in which the misconduct is so egregious and shocking that the court is compelled to invoke its equitable power so that justice may be done between the parties (*see O'Brien v O'Brien,* 66 NY2d 576 [1985]; *Weilert v Weilert,* 167 AD2d 463, 464 [1990]; *Brancoveanu v Brancoveanu,* 145 AD2d 395, 398 [1988]; *Blickstein v Blickstein,* 99 AD2d 287, 292 [1984]; Domestic Relations Law § 236 [B] [5] [d] [13]). Contrary to the plaintiff's contentions, no such egregious misconduct was established at trial.

Nevertheless, upon our independent review of the full trial record, we find that there was ample evidence of economic fault on the part of the defendant to justify the distribution of assets made here (*see Blickstein v Blickstein,* 99 AD2d at 293; *see also K. v B.,* 13 AD3d 12, 18-19 [2004]). On that basis, we affirm the Supreme Court's equitable distribution award.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.