MARIE CLAIRE FRANCO, Respondent-Appellant, v SAUVEUR FRANCO, Appellant-Respondent. [949 NYS2d 146]—

This action for a divorce and ancillary relief arises from the termination of a 41-year marriage. During the course of the marriage, the defendant was the sole source of financial support for the plaintiff and their three children (now emancipated), while the plaintiff, who never worked outside of the home, took care of the marital home and the parties' children. Also during the course of the marriage, the parties acquired a number of commercial properties and business interests, as well as significant liquid assets, which were equitably distributed between the parties by the Supreme Court following a nonjury trial. The plaintiff's distributive award was valued at $3,032,226 and consisted largely of the liquid assets, and the defendant's award was valued at $2,700,000, consisting largely of rental income-producing property, prior to various adjustments.

"While the distribution of marital property must be equitable, there is no requirement that the assets be split evenly" (*Giokas v Giokas*, 73 AD3d 688, 689 [2010]; *see DeSouza-Brown v Brown*, 71 AD3d 946 [2010]; *Arrigo v Arrigo*, 38 AD3d 807 [2007]). "A trial court is vested with broad discretion in making an equitable distribution of marital property, and 'unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed' " (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009], quoting *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *see Sebag v Sebag*, 294 AD2d 560 [2002]). Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded weight on appeal (*see Schwartz v Schwartz*, 67 AD3d at 990; *Jones-Bertrand v Bertrand*, 59 AD3d 391 [2009]; *Grasso v Grasso*, 47 AD3d 762, 764 [2008]; *Antes v Antes*, 304 AD2d 597, 597-598 [2003]). Here, there is no basis to disturb the Supreme Court's determinations regarding the equitable distribution of the parties' property.

In exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties

together with all the other circumstances of the case, which may include the relative merit of the parties' positions, as well as the tactics of a party in unnecessarily prolonging the litigation (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Powers v Wilson*, 56 AD3d 639, 641 [2008]; *Prichep v Prichep*, 52 AD3d 61, 64 [2008]). Under the circumstances of this case, the Supreme Court's award of counsel fees to the plaintiff, including appellate counsel fees to defend against the defendant's appeal and counsel fees to enforce the defendant's obligations under the divorce judgment, were a provident exercise of discretion (*see* Domestic Relations Law §§ 237, 238; *Fields v Fields*, 82 AD3d 542, 542-543 [2011]; *D'Anna v D'Anna*, 17 AD3d 400, 402 [2005]; *Levy v Levy*, 4 AD3d 398 [2004]).

The defendant's remaining contentions are without merit. Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.