◼ CAROLYN PAULSON, Respondent, v KENNETH PAULSON, Appellant. [966 NYS2d 492]—

In a matrimonial action in which the parties were divorced by

judgment of divorce entered December 22, 2008, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated December 12, 2011, as granted those branches of the plaintiff's cross motion which were to enforce his health insurance obligation in the parties' stipulation of settlement, which was incorporated but not merged in their judgment of divorce, and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the plaintiff's cross motion which was to enforce the provision of the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, requiring the defendant to make monthly payments in the sum of $483 for a period of three years following the entry of the divorce judgment in order to maintain health insurance for the plaintiff. If the parties had intended for the defendant to be relieved of the obligation to make any payments upon the loss of his ability to obtain COBRA coverage for the plaintiff, they could have incorporated language to that effect into the stipulation (*see Etzion v Etzion*, 84 AD3d 1015, 1017-1018 [2011]; *Ferrara v Ferrara*, 42 AD3d 426, 427 [2007]).

Moreover, "[i]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions, as well as the tactics of a party in unnecessarily prolonging the litigation" (*Franco v Franco*, 97 AD3d 785, 786-787 [2012]). Under the circumstances of this case, the Supreme Court's award of an attorney's fee to the plaintiff was a provident exercise of discretion (*see Franco v Franco*, 97 AD3d at 786-787; *D'Anna v D'Anna*, 17 AD3d 400, 402 [2005]; *Lazansky v Lazansky*, 148 AD2d 501, 503 [1989]). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.