█ STACEY LYNN KERLEY, Respondent, v THEODORE KEVIN KERLEY, Appellant. [17 NYS3d 150]—

Appeals from an order of the Supreme Court, Nassau County (Norman Janowitz, J.), dated March 13, 2013, and a judgment of divorce of the same court dated April 17, 2013. The order granted the plaintiff's application for an award of counsel fees. The judgment of divorce, insofar as appealed from, after a nonjury trial and upon a decision dated February 26, 2013, and upon an order of the same court dated May 4, 2012, inter alia, denying those branches of the defendant's motion which were to disqualify the attorney for the child and disallow her attorney's fee, equitably distributed 30% of the marital prop-

erty to the defendant, continued the suspension of the defendant's parenting access to the parties' children pursuant to an order dated February 21, 2012, awarded child support to the plaintiff, provided no credit to the defendant for temporary maintenance payments made by him to the plaintiff during the pendency of the action, directed the defendant to provide medical and dental insurance for the parties' children until their emancipation, and directed the defendant to reimburse the plaintiff $4,702.50 in forensic expert expenses.

Ordered that on the Court's own motion, the notice of appeal from the order dated March 13, 2013, is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated March 13, 2013, is affirmed; and it is further,

Ordered that the judgment of divorce is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were married on August 14, 1993, and have three children in common. The first was born in 1998, and the second and third, twins, were born in 2001. During the marriage, the defendant worked as an account executive for a television network and consistently earned substantially more than the plaintiff, who worked as a public school teacher. The defendant earned $270,965.01 in 2010 and $448,388.99 in 2011, while the plaintiff earned $125,960.80 and $157,868.00 in each of those years. In April 2009, the plaintiff commenced this matrimonial action seeking, among other things, child support and equitable distribution. Following a nonjury trial, the Supreme Court, inter alia, awarded the plaintiff 70% of the marital assets, and the defendant 30%, upon consideration of the statutory factors enumerated in Domestic Relations Law § 236 (B) (5) (d), including a finding that the defendant wastefully dissipated marital assets and awarded counsel fees to the plaintiff in the sum of $80,000.

The Supreme Court found the defendant's testimony to be "devoid of any credibility, unsupportable, and utterly unreliable." The assessment of credibility is a matter committed to the trial court's sound discretion and deference is owed to the trial court's credibility determinations (*see Scher v Scher*, 91 AD3d 842, 847 [2012]; *Papovitch v Papovitch*, 84 AD3d 1045, 1046 [2011]; *Ivani v Ivani*, 303 AD2d 639, 640 [2003]).

Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in making its determina-

tion as to equitable distribution (*see DeGroat v DeGroat*, 84 AD3d 1012, 1012 [2011]; *Alper v Alper*, 77 AD3d 694, 695 [2010]). The Supreme Court considered the various statutory factors enumerated in Domestic Relations Law § 236 (B) (5) (d), which include, inter alia, the income and property of each party at the time of marriage and at the time of the commencement of the action, the duration of the marriage, the age and health of both parties, any award of maintenance, the probable future financial circumstances of each party, and the wasteful dissipation of assets by either spouse (*see Holterman v Holterman*, 3 NY3d 1, 7 [2004]). The court identified as factors in its decision the plaintiff's health problems, that the defendant is in good health but suffers from substance abuse, that there is a substantial disparity in income between the parties, that the defendant has depleted marital assets, and that the parties have almost no liquid assets. We also note that no maintenance was awarded to the plaintiff in this case.

The record supports the Supreme Court's determination that the defendant wastefully dissipated substantial sums of money through his gambling and drug activity (*see O'Sullivan v O'Sullivan*, 247 AD2d 597, 597 [1998]; *Conceicao v Conceicao*, 203 AD2d 877, 879 [1994]; *Wilner v Wilner*, 192 AD2d 524, 525 [1993]). Although the precise amount of marital funds dissipated through the defendant's activities cannot be determined, the evidence presented at trial reveals, inter alia, that the defendant was in and out of rehabilitation facilities for substance abuse, both inpatient and outpatient, from mid-2009 through the time of trial. The defendant also acknowledged taking frequent trips to gambling casinos. The testimony also revealed that the defendant removed approximately $90,000 from the parties' Fidelity investment account, which was in the defendant's sole name but was marital property, and that, between 2009 and 2011, he also took over $90,000 out of an individual retirement account, and $30,000 from his Chase bank account, without being able to account for how he used the majority of such funds. In addition, despite the fact that the defendant earned over $1,000,000 from 2009 to 2012, by the time of the trial, as the Supreme Court noted, the parties were left with almost no liquid assets. Thus, the Supreme Court did not err in awarding a greater share of the remaining marital assets to the plaintiff (*see Burnett v Burnett*, 101 AD3d 1417, 1419 [2012]; *Franco v Franco*, 97 AD3d 785, 786 [2012]; *Kaur v Singh*, 44 AD3d 622, 623 [2007]).

Contrary to the contention of the attorney for the children, under the circumstances of this case, the defendant's argu-

ments regarding the denial of those branches of his motion which were to disqualify the attorney for the children and disallow her attorney's fee may properly be reviewed on appeal. However, the Supreme Court properly denied those branches of the defendant's motion. The attorney for the child correctly contends, as she did in her papers filed in opposition to the defendant's motion, that the defendant lacks standing to seek disqualification and disallowance of her fee on the ground of legal malpractice (*see Drummond v Drummond*, 291 AD2d 368, 369 [2002]; *see also Bluntt v O'Connor*, 291 AD2d 106 [2002]). Furthermore, even if the defendant had standing, the record supports the Supreme Court's conclusion that his arguments are without merit (*see Drummond v Drummond*, 291 AD2d at 369).

The Supreme Court also providently exercised its discretion in denying the defendant's motion for recusal (*see Vogelgesang v Vogelgesang*, 71 AD3d 1131 [2010]; *Bibas v Bibas*, 58 AD3d 586, 588-589 [2009]). The defendant did not assert any ground for legal disqualification under Judiciary Law § 14. In addition, he failed to set forth any proof of bias or prejudice to warrant recusal.

With respect to its award of counsel fees to the plaintiff in the sum of $80,000, the Supreme Court noted that it took into consideration the defendant's substantially higher earnings and the equitable distribution between the parties, as well as the defendant's "erratic, unpredictable and uncooperative behavior throughout the litigation . . . and his lack of candor with respect to finances and his drug addiction," which prolonged the litigation and caused the plaintiff to incur substantial counsel fees. Accordingly, the Supreme Court providently exercised its discretion in awarding counsel fees to the plaintiff in the sum of $80,000 (*see Paulson v Paulson*, 107 AD3d 677, 677 [2013]; *Franco v Franco*, 97 AD3d at 786-787; *Costa v Costa*, 46 AD3d 495, 496-497 [2007]).

The defendant's remaining contentions are without merit. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.

Separate motions by the plaintiff and the attorney for the children, inter alia, to strike stated portions of the appellant's brief on appeals from an order of the Supreme Court, Nassau County, dated March 13, 2013, and a judgment of divorce of the same court dated April 17, 2013, on the ground that they raise issues that are not properly before this Court. By decision and order on motion dated March 4, 2014, the branches of the motions which were to strike stated portions of the appellant's brief were held in abeyance and referred to the panel of Jus-

tices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the branches of the motions which were to strike stated portions of the appellant's brief are denied. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.