MATTHEW PRINCE, Respondent, v MEREDITH PRINCE, Now Known as MEREDITH SCHECHTER, Appellant. [20 NYS3d 910]— Appeal from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated August 18, 2015. The order, insofar as appealed from, denied that branch of the defendant's motion which was for recusal.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (*Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]; *see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Hayes v Barroga-Hayes*, 117 AD3d 794 [2014]; *Vigo v 501 Second St. Holding Corp.*, 100 AD3d 870, 870 [2012]; *Matter of Imre v Johnson*, 54 AD3d 427, 427-428 [2008]). Here, the defendant failed to set forth any proof of bias or prejudice in support of her motion for recusal (*see Vigo v 501 Second St. Holding Corp.*, 100 AD3d at 870). Accordingly, the Supreme Court providently exercised its discretion in declining to recuse itself from the case. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.