SUSAN PETKEWICZ, Appellant, v DUTCHESS COUNTY DE-PARTMENT OF COMMUNITY & FAMILY SERVICES et al., Respondents. [27 NYS3d 264]—

In an action to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 21, 2014, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and denied her cross motion for recusal.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for intentional infliction of emotional distress arising out of the termination of her employment as a probationary CPS Case Manager II with the defendant Dutchess County Department of Community & Family Services (hereinafter the Department). She alleged, inter alia, that the defendant Diane Malone, her Department supervisor, was overtly hostile, failed to provide her with meaningful mentoring and constructive feedback, and improperly prejudged her ability to perform her work duties, leading to her discharge. She further alleged that the Department acquiesced in Malone's wrongful conduct, that the defendants' conduct was extreme and outrageous, and that the defendants' conduct was intended to and did cause her extreme emotional distress.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the alleged facts in the complaint as true and afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Baron v Galasso*, 83 AD3d 626, 628 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]).

"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (*Klein v Metropolitan Child Servs., Inc.*, 100 AD3d 708, 710 [2012]; *see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008]; *Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Taggart v Costabile*, 131 AD3d 243, 249-250 [2015]). Even ac-

cepting as true the allegations in the complaint regarding the defendants' conduct, and according the plaintiff the benefit of every possible favorable inference, the defendants' conduct was not so extreme or outrageous as to satisfy the first element of intentional infliction of emotional distress (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Borawski v Abulafia*, 117 AD3d 662, 664-665 [2014]; *Klein v Metropolitan Child Servs., Inc.*, 100 AD3d at 710). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint.

Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in denying her cross motion for recusal. The plaintiff did not establish that there was a basis for recusal pursuant to Judiciary Law § 14 and failed to set forth any proof of bias or prejudice on the part of the Supreme Court Justice (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Tornheim v Tornheim*, 28 AD3d 534, 535 [2006]; *People ex rel. Smulczeski v Smulczeski*, 18 AD3d 785, 786 [2005]). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.