(June 1, 2016)

■ RICHARD E. AEBLY, Respondent, v REGAN LALLY, Appellant. [31 NYS3d 889]—

Appeals from an amended order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated May 1, 2014, and orders of that court dated April 25, 2014, May 22, 2014, May 23, 2014, May 29, 2014 (two orders), June 10, 2014, June 23, 2014 and August 20, 2014. The order dated April 25, 2014, sua sponte, directed the parties to appear for a conference on May 1, 2014. The amended order dated May 1, 2014, appointed a real estate appraiser pursuant to a decision and order of this Court dated December 4, 2013 (see Aebly v Lally, 112 AD3d 561, 563 [2013]). The order dated May 22, 2014, sua sponte, directed the parties to be available for a telephone conference on May 23, 2014. The order dated May 23, 2014, sua sponte, directed the defendant to show cause why sanctions should not be imposed for her failure to be available for the May 23, 2014, telephone conference. The first order dated May 29, 2014, and the order dated June 23, 2014, denied the defendant's motion for the court to recuse itself. The second order dated May 29, 2014, sua sponte, directed the defendant to appear and show cause why sanctions should not be imposed for her failure to appear on May 23, 2014, and May 29, 2014. The order dated June 10, 2014, insofar as appealed from, denied the defendant's motion to subpoena the plaintiff's employment records. The order dated August 20, 2014, inter alia, sua sponte, directed the receiver to withhold all sums due and payable to the defendant resulting from the sales of the parties' properties until further order of the court.

Ordered that the appeals from the orders dated April 25, 2014, May 22, 2014, May 23, 2014, the second order dated May 29, 2014, and the order dated August 20, 2014, respectively, are dismissed, as no appeal lies from an order which does not decide a motion made on notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from the amended order dated May 1, 2014, is dismissed as abandoned (see 22 NYCRR 670.8); and it is further,

Ordered that the order dated June 10, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the first order dated May 29, 2014, and the order dated June 23, 2014, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (*Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]; *see People v Moreno*, 70 NY2d 403, 406 [1987]). Here, the Supreme Court providently exercised its discretion in denying the defendant's motion for recusal, since the defendant did not establish a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the court (*see Petkewicz v Dutchess County Dept. of Community & Family Servs.*, 137 AD3d 990 [2016]; *Prince v Prince*, 134 AD3d 1008, 1008 [2015]; *Kerley v Kerley*, 131 AD3d 1124, 1127 [2015]; *Tornheim v Tornheim*, 28 AD3d 534, 535 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.