■ GRACE MONS PINTO, Respondent, v ANTHONY PINTO, Appellant. [54 NYS3d 673]—

Appeal from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), entered March 23, 2015. The order granted those branches of the plaintiff's motion which were to enforce the college expenses provisions of the parties' stipulation of settlement and judgment of divorce and for an award of an attorney's fee.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant were married in 1994, and are the parents of three children, two of whom were attending college during the time period relevant to this appeal. Pursuant to the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce dated December 29, 2010, the parties agreed that they would each pay their pro rata share of the children's college expenses, capped at the cost of the most expensive SUNY institution, which they agreed to be SUNY Binghamton. They further agreed that the defendant, as the noncustodial parent, was entitled to a 75% credit towards his basic child support obligation in an amount equal to his payment for college room and board expenses, with the agreed upon SUNY cap, for each child attending college.

After the defendant defaulted on his college expense obligations, the plaintiff moved, inter alia, to enforce those obligations with respect to the 2013-2014 and 2014-2015 academic years, and for an award of an attorney's fee. The defendant did not contest his default, but challenged as incorrect the plaintiff's calculations of the amounts due from him and the room and board related credit he would receive towards his basic child support obligation. In the order on appeal the Supreme Court accepted the plaintiff's calculations and awarded her an attorney's fee. The defendant appeals.

A stipulation of settlement entered into by parties to a divorce proceeding, which is incorporated into, but not merged with, a divorce decree, constitutes a contract between them subject to the principles of contract interpretation (*see Rainbow v Swisher*, 72 NY2d 106 [1988]; *Kleila v Kleila*, 50 NY2d 277, 283 [1980]; *Matter of Trester v Trester*, 92 AD3d 949 [2012]; *De Luca v De Luca*, 300 AD2d 342 [2002]; *Girardin v Girardin*, 281 AD2d 457 [2001]). Applying those principles here, the Supreme Court correctly determined the defendant's share of the children's college expenses, as well as the credit towards his basic child support obligation to which he was entitled, based on, inter alia, the total aggregate cost of tuition and room and board, less the sum of scholarships, grants, and federal subsidized loans (*see Springer v Springer*, 125 AD3d 842 [2015]; *Matter of Rashidi v Rashidi*, 102 AD3d 972 [2013]; *Matter of Levy v Levy*, 52 AD3d 717 [2008]). The defendant's remaining contention is without merit.

Under the circumstances of this case, where the plaintiff was compelled to bring a motion to enforce the terms of the stipulation against the defendant and prevailed in doing so, the Supreme Court providently exercised its discretion in awarding her a reasonable attorney's fee (*see* Domestic Relations Law § 238; *Mollah v Mollah*, 136 AD3d 992, 994 [2016]; *Patete v Rodriguez*, 109 AD3d 595, 599 [2013]; *D'Anna v D'Anna*, 17 AD3d 400 [2005]; *Lazansky v Lazansky*, 148 AD2d 501 [1989]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.