US Bank, N.A. v Morrison (2018 NY Slip Op 02355)





US Bank, N.A. v Morrison


2018 NY Slip Op 02355


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-12250
 (Index No. 30754/10)

[*1]US Bank, N.A., respondent, 
v
Clement Morrison, etc., et al., appellants, et al., defendants.


Clement Morrison, Springfield Gardens, NY, and Vyanne McBean, Springfield Gardens, NY, appellants pro se (one brief filed).



DECISION & ORDER
Appeal by the defendants Clement Morrison and Vyanne McBean from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated October 6, 2015. The order, insofar as appealed from, denied that branch of their motion which was for recusal.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In 2010, the plaintiff commenced this action against Clement Morrison and Vyanne McBean (hereinafter together the defendants), among others, to foreclose a mortgage. In May 2015, the defendants moved, inter alia, for recusal, alleging that the Supreme Court was biased against them in favor of the plaintiff and its attorney. In an order dated October 6, 2015, the Supreme Court denied that branch of the motion. The defendants appeal.
"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter [of its] recusal, and its decision is a matter of discretion and personal conscience" (Aebly v Lally, 140 AD3d 677, 678; see Prince v Prince, 134 AD3d 1008; Vogelgesang v Vogelgesang, 71 AD3d 1131). Here, the defendants failed to set forth any proof of bias or prejudice to warrant the recusal. Accordingly, the Supreme Court providently exercised its discretion in denying the subject branch of the defendants' motion (see Prince v Prince, 134 AD3d at 1008; Vogelgesang v Vogelgesang, 71 AD3d at 1131).
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court