Nationstar Mtge., LLC v Balducci (2018 NY Slip Op 06923)





Nationstar Mtge., LLC v Balducci


2018 NY Slip Op 06923


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-03102
2016-07305
 (Index No. 135354/13)

[*1]Nationstar Mortgage, LLC, respondent,
v Charles Balducci, etc., appellant, et al., defendants.


Charles Balducci, Staten Island, NY, appellant pro se.
Akerman, LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Charles Balducci appeals from (1) an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated March 24, 2016, and (2) an order of the same court dated June 2, 2016. The order dated March 24, 2016, insofar as appealed from, denied those branches of the cross motion of the defendant Charles Balducci which were for recusal of the Justice presiding and for summary judgment dismissing the complaint insofar as asserted against him. The order dated June 2, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Charles Balducci and for an order of reference, and referred the matter to a referee to compute the amount due on the mortgage loan.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In December 2004, Charles Balducci (hereinafter the defendant) executed a note in the sum of $276,000 in favor of Lehman Brothers Bank, FSB (hereinafter Lehman). The note was secured by a mortgage on residential property in Staten Island. By assignment of mortgage dated April 28, 2010, Mortgage Electronic Registration Systems, Inc., as nominee for Lehman, assigned the mortgage to Aurora Loan Services, LLC (hereinafter Aurora). Thereafter, by assignment of mortgage dated June 25, 2012, Aurora assigned the mortgage to Nationstar Mortgage, LLC (hereinafter the plaintiff).
In December 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant served an answer with affirmative defenses, including lack of standing, and counterclaims. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant cross-moved, inter alia, for recusal of the Justice presiding and for summary judgment dismissing the complaint insofar as asserted against him based on lack of standing. By order dated March 24, 2016, the Supreme Court denied the defendant's cross motion. By order dated June 2, 2016, the court granted the plaintiff's motion and referred the matter to a referee to compute the amount due on the mortgage loan. The defendant appeals.
Absent a legal disqualification under Judiciary Law § 14, the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court (see People v Moreno, 70 NY2d 403, 405; Sassower v Gannett Co., Inc., 109 AD3d 607, 609). Here, the defendant failed to establish a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal (see Petkewicz v Dutchess County Dept. of Community & Family Servs., 137 AD3d 990, 991; Prince v Prince, 134 AD3d 1008, 1008; Kerley v Kerley, 131 AD3d 1124, 1127; Sassower v Gannett Co., Inc., 109 AD3d at 609). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for recusal (see Aebly v Lally, 140 AD3d 677, 678).
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the plaintiff established, prima facie, that it had standing as the holder of the note, as evidenced by its attachment of the note containing endorsements by Lehman to Lehman Brothers Holdings, Inc., and by Lehman Brothers Holdings, Inc., to Aurora, along with an allonge containing an endorsement in blank by Aurora, to the summons and complaint at the time the action was commenced (see Bank of N.Y. Mellon v Genova, 159 AD3d 1009; Bank of N.Y. Mellon v Burke, 155 AD3d 932, 933). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and referring the matter to a referee to compute the amount due on the mortgage loan. We also agree with the court's denial of those branches of the defendant's cross motion which were for recusal of the Justice presiding and for summary judgment dismissing the complaint insofar as asserted against him for lack of standing.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court