20-1589-cv
*Gribbin v. N.Y. State Unified Court Sys.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
           RICHARD J. SULLIVAN,
                      *Circuit Judges.*

---

VICTORIA GRIBBIN,

            *Plaintiff-Appellant,*                    20-1589-cv

            v.

NEW YORK STATE UNIFIED COURT SYSTEM, 10TH
DISTRICT SUPREME CIVIL MATRIMONIAL COURT OF
NEW YORK NASSAU COUNTY, SUPREME COURT OF
THE STATE OF NEW YORK APPELLATE DIVISION
SECOND JUDICIAL DEPARTMENT, EDMUND DANE,
VERONICA RENTA IRWIN, HOWARD E. STURIM,
GEOFFREY J. O'CONNELL, HOPE SCHWARTZ
ZIMMERMAN, JEFFREY BROWN, LAWRENCE
SCHAEFFER, NANCY SCHER,

            *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**              Victoria Gribbin, *pro se*, Manhasset, NY.

**FOR DEFENDANTS-APPELLEES:**
Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, Matthew W. Grieco, Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, New York, NY (*for* New York State Unified Court System, 10th District Supreme Civil Matrimonial Court of New York Nassau County, Supreme Court of the State of New York Appellate Division Second Judicial Department, Edmund Dane, Howard E. Sturim, Geoffrey J. O'Connell, Hope Schwartz Zimmerman, Jeffrey Brown, Lawrence Schaeffer, Nancy Scher);

Veronica Renta Irwin, Irwin & Streiner LLC, Roslyn Heights, NY (*for* Veronica Renta Irwin).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on March 31, 2020, is **AFFIRMED**.

Appellant Victoria Gribbin ("Gribbin"), proceeding pro se, sued the New York State Unified Court System and specific state courts, judges, a court attorney referee, and a court-appointed receiver involved in her state court divorce litigation, asserting that the divorce proceedings violated her constitutional rights to due process and equal protection, the Americans with Disabilities Act ("ADA"), Title VII, and state law. The District Court dismissed the action for lack of jurisdiction. After judgment was entered, Gribbin moved to vacate the dismissal order and for an order requesting interpretive guidance from, and an investigation into her claims by, the Department of Justice ("DOJ"). The District Court denied these requests. On appeal, Gribbin argues that (1) a legal standard applied in the divorce case—under which only domestic abuse that is "egregious and shocking" will result in modification to equitable distribution in a divorce, *see Kaur v. Singh*, 44 A.D.3d 622, 623 (2d Dep't 2007)—violates the ADA; and (2) she was denied a service within the meaning of the ADA, and discriminated against, because the state court did not apply a lower standard for marital fault in her case as a reasonable accommodation for her disabilities. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Subject Matter Jurisdiction

We review the grant of a motion to dismiss for lack of subject matter jurisdiction de novo. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020); *see also Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (de novo review of application of *Rooker–Feldman* doctrine). In so doing, we afford a pro se litigant "special solicitude [by] interpreting the complaint to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations and internal quotation marks omitted).

Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine applies where the plaintiff: (1) "lost in state court," (2) "complains of injuries caused by a state-court judgment," (3) "invites [the district court] to review and reject[] that state-court judgment," and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (internal quotation marks omitted). "The *Rooker–Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments," a power reserved exclusively to the Supreme Court. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002); *see also* 28 U.S.C. § 1257(a) (stating circumstances in which a final state court judgment may be reviewed by the Supreme Court).

Here, the first prong of the doctrine is met because Gribbin's complaint alleges that defendants' illegal actions during her state divorce proceedings resulted in an "unjust and injurious" judgment of divorce, which she has sought to enjoin in both state and federal court. As for the second prong, Gribbin's complaint does not contain a clear list of claims, but the injuries she alleges—including the loss of her marital home and the distribution of her marital property in a manner she finds unfair—result from the state court's 2016 judgment of divorce and two 2018 orders enforcing the terms of that judgment. The fourth prong is also met because the state court judgment was rendered in May 2016, and Gribbin's appeal from that judgment was dismissed in December 2017, well before she commenced her federal action in October 2018. *Gribbin v. Gribbin*, No. 2016-07690, 2017 WL 6569657 (N.Y. App. Div. 2d Dep't Dec. 26, 2017).[1]

---

[1] Gribbin does not raise any challenge to these three prongs in her principal brief. In her reply brief, while addressing sovereign immunity, she states that she is "still involved in litigation re[garding] this contested divorce lawsuit." However, she does not dispute that the state court divorce judgment relevant here is final for *Rooker–Feldman* purposes. In any event, such an argument

With respect to the third prong, Gribbin describes her own claims as "challenges to the orders issued by Appellees in the [d]ivorce [c]ase," and acknowledges in her reply brief that "her ADA challenge . . . is inseparable from the validity of [those] orders." She, nevertheless, argues that *Rooker–Feldman* does not apply where a litigant "seeks to enforce a specific federal right" and asserts that she is not attempting to retry her state court case but rather seeks "an order requiring reasonable accommodations under the ADA." However, merely "presenting in federal court a legal theory not raised in state court . . . cannot insulate a federal plaintiff's suit from *Rooker–Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed." *Hoblock*, 422 F.3d at 86.

Gribbin argues that her claims are supported by *Mary Jo C. v. New York State and Local Retirement System*, 707 F.3d 144, 163 (2d Cir. 2013), which holds that the ADA "permit[s] preemption of inconsistent state laws, when necessary to effectuate Title II's reasonable modification provision." However, the reasonable accommodation she requests here is a modification of state substantive law regarding how marital fault affects the distribution of marital property in a divorce. This is not comparable to *Mary Jo C.*, in which we determined that modification of a filing deadline could constitute a reasonable accommodation under the ADA. In any event, this "accommodation" request would require the District Court to reject the state court's judgment regarding the distribution of assets in Gribbin's divorce proceeding, which is prohibited by *Rooker–Feldman*. There is no way to grant Gribbin's reasonable accommodation request without reviewing and rejecting the divorce judgment, and the District Court did not have power to do so. *Exxon Mobil Corp.*, 544 U.S. at 284, 292.

Because the District Court lacked subject matter jurisdiction over the action based on *Rooker–Feldman*, which was sufficient grounds to dismiss the appeal, we do not reach its alternative grounds for dismissal.

II.     **DOJ Involvement**

The District Court correctly denied Gribbin's request for DOJ involvement in this case. The statute she cites allows the Attorney General to intervene in a case, but does not authorize, much less direct, a court to solicit that intervention. *See* 42 U.S.C. § 2000a-3(a) ("[U]pon timely application [by an aggrieved person], the court may, in its discretion, permit the Attorney General to intervene . . . if [the Attorney General] certifies that the case is of general public importance.").

---

would be waived because it is raised for the first time in reply. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

4

### III. Waiver of Remaining Issues

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). Despite this solicitude, we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Gribbin has waived any challenge to the District Court's denial of leave to amend her complaint and its order denying reconsideration—except the portion regarding DOJ involvement—by failing to discuss these issues in her brief to this Court.

### CONCLUSION

We have reviewed all of the arguments raised by Gribbin on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 31, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5